IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ESTATE OF LAURA RATLEY, by and through its duly appointed special administrator Robert Ratley; ROBERT RATLEY and AMY RATLEY as heirs at law of Laura Ratley, deceased; LEAH RATLEY; THE ESTATE OF REBECCA FULCHER, by and through its duly appointed special administrators John Fulcher and Amy Fulcher; JOHN FULCHER and AMY FULCHER as heirs at law of Rebecca Fulcher, deceased; and RYAN FULCHER, <br><br>     Plaintiffs, <br><br> v. <br><br> DHAFER M. AWAD and SHAMROCK FARMS FOODS COMPANY, an Arizona limited liability company, <br><br>     Defendants. | Case No. CIV-19-00265-PRW |

## ORDER

Defendant Shamrock Foods Company has filed a Motion to Dismiss (Dkt. 6) arguing that the Court lacks personal jurisdiction over it. For the reasons set forth below, the motion is **DENIED**.

Shamrock is a large food company incorporated, and with its principal place of business, in Arizona. Shamrock employed Dhafer Awad as a truck driver. In April 2017, Shamrock dispatched Awad to drive one of its trucks from Waukesha, Wisconsin, to Commerce City, Colorado. For reasons that have not yet been disclosed, Awad did not take

1

the shortest route in executing this task. He instead drove south to Tulsa, Oklahoma, and then headed west on the Cimarron Turnpike. At some point late on the night of April 4, 2017, Awad pulled his truck onto the shoulder of the turnpike and parked so that he could rest for the night.

Meanwhile, Kansas residents Ryan Fulcher, Laura Ratley, Leah Ratley, and Rebecca Fulcher were also westbound on the Turnpike returning home after attending a concert in Tulsa. Ryan was driving. Ryan fell asleep and swerved off the roadway, striking the rear of the parked Shamrock truck. Laura and Rebecca were killed; the others were injured to varying degrees. Both the survivors and the estates of Laura and Rebecca have sued Shamrock in the Western District of Oklahoma, where the accident occurred.

Shamrock argues that this Court lacks general personal jurisdiction over it because it is incorporated in Arizona, its principal place of business is in Arizona, and it otherwise lacks the "continuous and systematic" contacts with Oklahoma that would make it "at home" in the state. Plaintiffs disagree, pointing to Shamrock's website as "targeting" Oklahoma consumers and as directing Oklahomans to "more than 25" retail locations selling Shamrock products in the state.

Shamrock also argues that this Court lacks specific general jurisdiction over it because it did not "purposefully direct" its employee, Awad, to travel through Oklahoma, and that it could not have anticipated that Awad would take the long way from Wisconsin to Colorado. Plaintiffs disagree on this count as well, arguing that Shamrock, through its employee Awad, purposefully drove into Oklahoma where the accident occurred and that

Shamrock cannot distance itself from the actions of its employee for purposes of evading personal jurisdiction in the district where the accident occurred.

The Court need not address whether general jurisdiction exists because Plaintiffs have pleaded facts adequate to establish specific personal jurisdiction at this early stage in the litigation. For specific jurisdiction to lie, the Court must analyze: (1) whether the Plaintiffs have shown that Shamrock has "minimum contacts" with Oklahoma; and, if so, (2) whether Shamrock "has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"[1] To prove minimum contact, two elements must be satisfied, (a) that Shamrock purposefully directed its activities at Oklahoma, and (b) that Plaintiffs' injuries arise from Shamrock's forum-related activities.[2] If minimum contacts can be established, "it is incumbent on [Shamrock] to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[3] Reasonableness is determined by considering the following factors: (a) the burden on Shamrock, (b) Oklahoma's interest in resolving the dispute, (c) Plaintiffs' interest in receiving convenient and effective relief, (d) the interstate judicial system's

---

[1] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985); *Shrader v. Biddinger*, 633 F.3d 1235, 1239–40 (10th Cir. 2011)).

[2] *Id.*

[3] *Id.* (quotations omitted) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008)).

interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several states in furthering fundamental social policies.[4]

Minimum contacts exist. Shamrock cannot escape the fact that *its* employee drove *its* truck into Oklahoma while delivering *its* products at *its* direction or the fact that Plaintiffs' injuries arise from such activities. Shamrock may well be correct that its employee took a different route than it might have anticipated, but what is relevant is that the employee took that route. There is nothing on the record to suggest that the employee was acting outside the course and scope of his employment when he did so; in fact, Shamrock's attorney have filed an Answer on behalf of Awad admitting he was acting within the course and scope of his employment.[5] Thus, the employee's actions are Shamrock's actions with respect to whether Shamrock purposefully directed its truck into Oklahoma.[6] Shamrock's claim that it "could not have anticipated" the route Awad took

---

[4] *Id.* (quoting *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1279–80 (10th Cir. 2005).

[5] *See* Compl. (Dkt. 1) ¶ 10, at 2 (asserting that Awad was hired by Shamrock, was driving a Shamrock tractor trailer at the time of the wreck, "was at all material [times] acting individually and as a servant, representative, agent and/or employee within the scope of his employment or agency of Shamrock"); Def. Dhafer M. Awad's Answer to Compl. (Dkt. 7) ¶ 10, at 2 ("Defendant admits the allegations in paragraph 10 of the Complaint"). The fact that Awad's Answer was filed by Shamrock's attorney also signifies that there is no conflict of interest in representing both Shamrock and Awad, which is only true if Awad was acting within the course and scope of his employment.

[6] *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, *physical entry into the State*—either by the defendant in person or *through an agent*, goods, mail, or some other means—*is certainly a relevant contact*." (emphasis added) (citations omitted)); *Taylor v. Phelan*, 912 F.2d 429, 433–34 (10th Cir. 1990) ("Under the theory of respondeat superior, a principal is liable for the acts of an agent when those acts are committed in the course of or within the scope of the agent's employment. Following that theory, it is well-established that a principal may be subject

might be of greater relevance if Shamrock were claiming that it tells its truck drivers what routes to take, and that here it directed Awad to take a different route than he took. But Shamrock makes no such claims. And if Shamrock leaves routing decisions to the discretion of its drivers, why would it ever be in the business of "anticipating" its drivers' routes?

Further, Shamrock has failed to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. As an Arizona corporation, Shamrock should have no more difficulty litigating this case in Oklahoma than it would have litigating this case in any of the five states that were part of the most direct route between Waukesha, Wisconsin, and Commerce City, Colorado. Moreover, the contacts Plaintiffs present in support of their argument for exercising general jurisdiction demonstrate Shamrock engages in economic activity within Oklahoma, making it "much

---

to the jurisdiction of the court because of the activities of its agent within the forum state." (citations omitted)); *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 458 (10th Cir. 1996) ("As the Court in *International Shoe* explained, a nonresident corporate entity creates contacts for personal jurisdiction purposes through its authorized representatives: its employees, directors, officers and agents." (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))); *Stuart v. Burford*, 264 F. Supp. 191, 192 (N.D. Okla. 1967) ("The plaintiff in her Complaint alleges that the 'act' or acts and 'tortious injury' sued for were committed against her in Oklahoma by named agents of the defendant. This agency is not denied by the defendant by anything before the Court. . . . There can be no question now that one said to have committed a tort in this State by an agent is subject to the 'long-arm' service allowed by the above statutes [i.e., Okla. Stat. tit. 12, §§ 187 and 1701.02 (Supp. 1965)]."). Indeed, companies like Shamrock insure their trucks precisely because they know that if those trucks are involved in accidents, the financial consequences will generally be theirs to bear—even if those consequences arise from their drivers doing all sorts of things they might not necessarily anticipate them doing. What is true with respect to liability is no less true with respect to personal jurisdiction.

less burdensome for a [Shamrock] to defend [it]self."[7] Further, Oklahoma has an interest in adjudicating this case insofar as "resolution of the dispute requires a general application of [its] laws."[8] Lastly, Oklahoma "is the most efficient place to litigate the dispute."[9] This litigation arises out of a tragic accident that occurred in the Western District of Oklahoma. Given that the relevant event occurred in this district, involving a Shamrock truck purposefully driven into the district by a Shamrock employee on Shamrock business, it is difficult to conceive of a more appropriate venue for resolution of this case. Nothing about litigating this case in this Court offends the traditional notions of fair play and substantial justice.

The Motion to Dismiss (Dkt. 6) is **DENIED**. Accordingly Defendant Shamrock Foods Company is directed to file an Answer to Plaintiffs' Complaint (Dkt. 1) by no later than Thursday, February 27, 2020, in compliance with Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

---

[7] *Burger King Corp*, 471 U.S. at 474 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). The full quote from *Burger King* is:

> And because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity," it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity.

[8] *Pro Axess, Inc.*, 428 F.3d at 1280 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1096 (10th Cir. 1998)).

[9] *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1097).

**IT IS SO ORDERED** this 13th day of February, 2020.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE