## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ESTATE OF LAURA RATLEY, by) and through its duly appointed special administrator Robert Ratley; ROBERT RATLEY and AMY RATLEY as heirs at) law of Laura Ratley, deceased; LEAH RATLEY; THE ESTATE OF REBECCA FULCHER, by and through its duly appointed special administrators John Fulcher and Amy Fulcher; JOHN FULCHER and AMY FULCHER as heirs at law of Rebecca Fulcher, deceased; and RYAN FULCHER,<br><br>       Plaintiffs,<br><br>v.<br><br>DHAFER M. AWAD, and SHAMROCK FARMS FOODS COMPANY,<br><br>       Defendants. | Case No. CV-19-00265-PRW |

## **ORDER**

Before the Court are Defendants' Motions for Judgment on the Pleadings and Briefs in Support (Dkts. 52 & 63). For the reasons that follow, the Court **GRANTS** both motions.

### *Background*

In April 2017, Defendant Shamrock Foods Company dispatched Defendant truck driver Dhafer M. Awad to drive one of its trucks from Waukesha, Wisconsin, to Commerce City, Colorado. At some point late on the night of April 4, 2017, a tired Awad pulled his truck onto the shoulder of the turnpike he was on and parked so that he could rest. Meanwhile, Ryan Fulcher, Laura Ratley, Leah Ratley, and Rebecca Fulcher were also

westbound on the turnpike returning home after attending a concert in Tulsa. Ryan was driving. Ryan fell asleep and swerved off the roadway, striking the rear of the parked Shamrock truck. Laura and Rebecca were killed; Ryan and Leah were injured but survived.

This lawsuit followed. The survivors and the estates of Laura and Rebecca brought this action in 2019 against both Shamrock and Awad asserting claims seeking "all damages which are proper under Oklahoma Law."[1] The heirs at law have also asserted claims "for the wrongful death of their daughter[s]."[2]

Plaintiffs in this action are therefore survivors Ryan Fulcher and Leah Ratley, the Estate of Laura Ratley by and through its duly appointed special administrator Robert Ratley, Robert Ratley and Amy Ratley as heirs at law of Laura Ratley, and the Estate of Rebecca Fulcher by and through its duly appointed special administrators John Fulcher and Amy Fulcher, and John and Amy Fulcher individually as heirs at law of Rebecca Fulcher. They claim, amongst other things, that Shamrock was negligent by: (1) violating the Federal Motor Carrier Safety Regulations, and (2) entrusting the tractor-trailer to Awad. Plaintiffs claim that Shamrock violated the Federal Motor Carrier Safety Regulations by purportedly "[a]llowing [] Defendant Awad to drive without proper qualifications," "[c]onducting an inadequate background check and application investigation," "[n]ot properly updating driving records," "[n]ot performing a proper annual driver review," and

---

[1] Compl. (Dkt. 1) ¶¶ 40, 42, at 6.

[2] *Id.* ¶¶ 41, 43, at 6.

"[n]ot keeping an active proper employment or driver qualification file"[3]─which in substance are negligent hiring, training, supervision, and retention claims. Plaintiffs also claim that Shamrock is vicariously liable for any tort committed by Awad in the scope of his employment pursuant to the theory of *respondeat superior*. In its Answer (Dkt. 25), Shamrock admits that Awad was acting in the scope of his employment at the time of the collision.[4]

On August 3, 2020, Defendants filed a Motion for Judgment on the Pleadings (Dkt. 52) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, asking the Court to enter judgment in their favor and against Plaintiffs Robert Ratley and Amy Ratley in their capacity as heirs of the Estate of Laura Ratley, and against Plaintiffs John Fulcher and Amy Fulcher in their capacity as heirs of the Estate of Rebecca Fulcher (the "Heir Plaintiffs"). In support of their motion, Defendants essentially argue that the Heir Plaintiffs lack capacity to sue insofar as Oklahoma's wrongful death statute[5] authorizes only the personal representatives—i.e., in this case Plaintiff Robert Ratley, in his capacity as special administrator for the Estate of Laura Ratley, and Plaintiffs John and Amy Fulcher, in their capacity as special administrators of the Estate of Rebecca Fulcher (the "Personal Representative Plaintiffs")—to maintain this action. Plaintiffs, on the other hand, claim

---

[3] Compl. (Dkt. 1) ¶ 36.

[4] Answer (Dkt. 25) ¶ 10.

[5] Okla. Stat. tit. 12, § 1053 (2011).

that the Heir Plaintiffs have a right to assert claims in this lawsuit because Oklahoma's wrongful death statute authorizes damages for a parent's grief and loss of companionship.

Shortly thereafter, on September 2, 2020, Defendants filed another Motion for Judgment on the Pleadings and Brief in Support (Dkt. 63) pursuant to Rule 12(c), this time asking the Court to dismiss on state law grounds Plaintiffs' claims against it for negligent hiring, training, supervision, and retention. Plaintiffs contest this motion on all fronts in their Response and now ask the Court to grant them leave to amend their Complaint.

## *Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In the Tenth Circuit, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[6] Accordingly, the Court "accepts as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'"[7] "A claim is facially plausible 'when the plaintiff pleads

---

[6] *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

[7] *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) and citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[8]

However, unlike with a motion to dismiss, in ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint.[9] As Wright and Miller explain:

> As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.[10]

### *Discussion*

I.   *Defendants' Motion for Judgment on the Pleadings (Dkt. 52) regarding capacity to sue under Oklahoma's wrongful death statute.*

With respect to Defendants' first Motion for Judgment on the Pleadings (Dkt. 52), filed on August 3, 2020, the Parties dispute the interpretation of Oklahoma's wrongful death statute. This presents a question of law: Who may prosecute wrongful death actions on

---

[8] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

[9] *See Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x. 750 (10th Cir. 2013).

[10] 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 (footnotes omitted).

behalf of the decedents, Laura Ratley and Rebecca Fulcher? Because this case is grounded on diversity jurisdiction, Oklahoma law provides the answer.[11]

Title 12, section 1053(A) of the Oklahoma Statutes says that, "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter . . . if the former might have maintained an action, had he or she lived, against the latter . . . for an injury for the same act or omission."[12] A personal representative is thus authorized to bring a wrongful death action seeking damages on behalf of both the estate and the decedent's heirs.

Further, according to the Oklahoma courts' interpretation of the wrongful death statute, "[a] wrongful-death claim may be pressed *only* by persons authorized to bring it."[13] "By force of § 1053(A), the action may be brought by the personal representative of the decedent, but if none has been appointed, then by the widow, or where there is no widow, by the decedent's next of kin."[14] Furthermore, "[t]here can be *only one wrongful-death claim and one recovery*."[15] Because "only the authorized representative of a decedent's estate may prosecute a wrongful death action under § 1053(A)," a decedent's heir "is

---

[11] *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (citing *Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583, 537 (10th Cir. 1997); *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994)).

[12] Okla. Stat. tit. 12, § 1053(A) (2011).

[13] *Ouellette v. State Farm Mut. Automobile Ins. Co.*, 918 P.2d 1363, 1366 (Okla. 1994) (emphasis in original).

[14] *Id.* (citing Okla. Stat. tit. 12 § 1054).

[15] *Ouelette*, 918 P.2d at 1367 (emphasis in original); *Guinn v. Great W. Cas. Co.*, No. CIV-09-1198-D, 2010 WL 4363784, at *4 (W.D. Okla. Oct. 27, 2010).

statutorily prohibited from bringing any action on her own."[16] Thus, the personal representative, if one has been appointed, is the only proper party to bring both a survivorship action and a wrongful death action.[17]

Therefore, this lawsuit cannot be maintained by both the Personal Representative Plaintiffs and the Heir Plaintiffs.[18] As such, the Personal Representative Plaintiffs are the real parties in interest in this action, and thus the only proper plaintiffs. The Heir Plaintiffs must therefore be dismissed.[19]

---

[16] *Socia v. Traditions, Inc.*, 109 P.3d 359, 361 (Okla. Civ. App. 2005) (citing *Ouelette*, 918 P.2d at 1366).

[17] The heir may assert a claim for a share of the proceeds of the administrator's successful wrongful death action, but that claim is to be asserted in the "post-recovery phase" of the action, in which the Court determines the apportionment of the damages under § 1053(D). *Id.* at 363; *see also Plain v. Murphy Family Farms*, 296 F.3d 975, 978–79 (10th Cir.2002) (applying Oklahoma law).

[18] *See Cornwell*, 2011 WL 2441884, at *2 ("Plaintiff has correctly state that, under Oklahoma law, *either* the personal representative of the decedent's estate *or* the decedent's next of kin may prosecute a wrongful death cause of action. Applying this rule to the instant case, Mr. Cornwell cannot properly bring this case as plaintiff in *both* his individual capacity and his capacity as personal representative of the estate of Renia A. Cornwell; Mr. Cornwell is a proper plaintiff in only *one* of his legal capacities."); *Guinn v. Great West Cas. Co.*, No. 5:09-cv-01198-D, 2010 WL 4363784, at *4 (W.D. Okla. Oct. 27, 2010) (dismissing all plaintiffs but the administrator of the decedent's estate, as she was "the only proper plaintiff").

[19] However, their dismissal does not preclude their right to share in recovery of any damages that may be awarded as a result of this action; if the administrators prevail on the asserted claims, the apportionment of damages will be considered by the Court at the appropriate time.

> II. *Defendants' Motion for Judgment on the Pleadings (Dkt. 63) regarding Plaintiffs' negligence claims.*

With respect to Defendants' second Motion for Judgment on the Pleadings (Dkt. 63), filed on September 2, 2020, Shamrock argues, and the Court agrees, that Plaintiffs' claims for negligent hiring, training, supervision, and retention claims, asserted under the Federal Motor Carrier Safety Regulations, must fail as a matter of law under *Jordan v. Cates* because Shamrock admits in its Answer that Awad was acting in the scope of his employment.

In *Jordan v. Cates*, the Oklahoma Supreme Court held that "[w]hen an employer stipulates that an employee is acting within the scope of employment . . . and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring [and retention] exposes the employer to no additional liability."[20] "[W]here the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," it explained, "any other theory for imposing liability on the employer [becomes] unnecessary and superfluous."[21, 22]

---

[20] *Jordan v. Cates*, 1997 OK 9, ¶ 21, 935 P.2d 289, 294.

[21] *Id.* ¶ 16, 935 P.2d at 293.

[22] Despite an isolated, non-binding decision to the contrary, *see Ramiro v. J.B. Hunt Transp. Servs., Inc.*, No. CIV-04-1033-M (W.D. Okla. Nov. 12, 2004), the language of *Jordan v. Cates* does not appear to restrict the rule to intentional torts, *see Oliver v. Soto*, No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Okla. Feb. 29, 2016) ("This Court already has rejected Plaintiff's argument that *Jordan* is limited to claims based on employees' intentional torts." (citations omitted)); *Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV–11–1203–D, 2012 WL 6016899, *3 (W.D. Okla. Dec. 3, 2012) ("*Jordan* is not limited to cases involving intentional torts."); *Chamberlain v. Thomas*, No. CIV-11-

Though roundly criticized,[23] now "limited to its facts,"[24] and ripe for reconsideration,[25] courts continue to recognize *Jordan v. Cates* as good law requiring dismissal of negligent hiring, training, supervision, and retention claims where the employer admits the employee acted in the scope of their employment.[26]

---

1430-HE, 2012 WL 4355908, at *1 (W.D. Okla. Sept. 24, 2012) ("[T]he court's broad language [in *Jordan v. Cates*] does not seem to restrict the rule to intentional torts . . . .").

[23] *See, e.g.*, *Chamberlain v. Thomas*, No. CIV-11-1430-HE, 2012 WL 4355908, at *1 (W.D. Okla. Sept. 24, 2012) ("The *Jordan* rule gives the court some pause. While it is true that, under either a *respondeat superior* theory or a negligent hiring/supervision/retention theory, a successful plaintiff would have to establish the underlying tort—here negligence—of the agent, the court can envision situations where the punitive damages exposure of the defendant could differ significantly based on whether the focus of the punitive damages inquiry was the wrongful/negligent conduct of the agent or the negligent conduct of the employer. And that focus might well impact, as it did in *Jordan*, the question of what evidence is admissible to establish the basis for punitive damages. Against the backdrop of the general principle, recognized under both federal and Oklahoma law, that a plaintiff can ordinarily pursue alternate or even inconsistent theories of recovery, and that he is not ordinarily required to elect his remedies, it seems somewhat anomalous to allow the defendant to do the election for him." (footnotes omitted)).

[24] The Oklahoma Supreme Court in *Fox v. Mize* in word "limit[s] [*Jordan v. Cates*] to its facts," *Fox v. Mize*, 2018 OK 75, ¶ 14 n.12, 428 P.3d 314, 322 n.12 ("We do take this opportunity, however, to expressly state that, for now, the holding in *Jordan* is limited to its facts."), while merely declining to extend the holding in *Jordan* to claims for negligent entrustment.

[25] *See Fox v. Mize*, 2018 OK 75, ¶ 14 n.12, 428 P.3d 314, 322 n.12 (declining to reconsider *Jordan v. Cates* because the issue was not before it on appeal but "recogniz[ing] the tension in our case law").

[26] *See, e.g.*, *Sinclair v. Hembree & Hodgson Constr., LLC*, No. CIV-18-938-D, 2020 WL 3965010, *2–3 & n.4 (W.D. Okla. July 13, 2020) (holding that *Jordan* remains good law after *Fox* and that a stipulation of vicarious liability bars a negligent hiring, training, and supervision claim); *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing the plaintiff's negligent hiring claim because *Jordan* has not been overruled); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (maintaining the prior status of the

The import of *Jordan v. Cates* here is thus clear. Plaintiffs simultaneously assert claims against Shamrock for negligence under the doctrine of *respondeat superior* and, in substance, for negligent hiring, training, supervision, and retention in alleging Shamrock was negligent by purportedly violating Federal Motor Carrier Safety Regulations. All Parties agree that Awad was acting within the scope of his employment immediately before and during the accident.[27] Accordingly, Plaintiffs' claims for direct liability against Shamrock (except for negligent entrustment) should be dismissed.

## *Conclusion*

For the foregoing reasons, the Court **GRANTS** Defendant Shamrock's Motions for Judgment on the Pleadings and Brief in Support (Dkts. 52 & 63). Accordingly, certain Plaintiffs, including Robert Ratley and Amy Ratley in their capacity as heirs of the Estate of Laura Ratley, and John Fulcher and Amy Fulcher in their capacity as heirs of the Estate of Rebecca Fulcher, are **DISMISSED** from this lawsuit as they are not proper parties in accordance with Okla. Stat. tit. 12, § 1053(A) (2011). Further, Plaintiffs' claims that Shamrock was negligent by violating the Federal Motor Carrier Safety Regulation, i.e. Plaintiffs' claims for negligent hiring, training, supervision, and retention, are **DISMISSED**. To the extent Plaintiffs wish to amend their Complaint, they may file a motion requesting permission to do so.

---

law that a negligent hiring claim is superfluous where an employer stipulates that its employee was acting within the scope of employment at the time of the accident).

[27] Compl. (Dkt. 1) ¶ 10; Answer (Dkt. 25) ¶ 10.

**IT IS SO ORDERED** this 7th day of May2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE