IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ESTATE OF LAURA RATLEY, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-19-265-PRW ) |
| DHAFER M. AWAD and SHAMROCKCOMPANY, an Arizona Limited Liability Company, | ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Defendant Shamrock Foods Company's Motion to Quash or for Protective Order Regarding Depositions Noticed by Plaintiffs (Dkt. 194), seeking an order precluding the depositions of six current or former employees of Shamrock. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

### *Background*

This case arises out of a car crash, the details of which have been extensively discussed in previous orders of this Court.[1] There are only two claims that remain in this case: (1) a negligence claim against Defendant Dhafer Awad (a former driver in Shamrock's dairy division); and (2) a negligent entrustment claim against Shamrock. As such, the Court has reminded the parties that the remaining discovery period is "limited to

---

[1] *See* Order (Dkt. 90), at 1–4; Order (Dkt. 189), at 1–2.

1

the claims that remain in this case."[2] Discovery has been ongoing for more than two years. While designed to be a cooperative process,[3] discovery has been anything but that in this case.

This latest discovery dispute arises out of six depositions noticed by Plaintiffs. Plaintiffs have already conducted a large number of depositions, including depositions of ten current or former employees of Shamrock. Now, Plaintiffs seek to depose six more current or former employees. Shamrock opposes these depositions, arguing that "[n]one of these people have discoverable information concerning the claims that remain."[4] As has become the norm in this case, the parties were unable to resolve this dispute among themselves, and Shamrock filed a motion to quash or for protective order, seeking to prevent the depositions from taking place. Plaintiffs oppose the motion. They argue that all six deponents have knowledge relevant to their remaining claims, and as such, they are entitled to depose them. The matter is now fully briefed.

## *Legal Standard*

Discovery is limited to material that is "relevant" to a party's claims and "proportional to the needs of the case."[5] Although relevance is "to be construed broadly to

---

[2] Order (Dkt. 130), at 1; Order (Dkt. 101), at 2.

[3] *See Ohio v. Crofters, Inc.*, 75 F.R.D. 12, 21 (D. Colo. 1979) ("Cooperation among counsel is not only helpful, but required, and the court has the duty to ensure that such cooperation is forthcoming.").

[4] Def.'s Mot. to Quash or for Protective Order (Dkt. 194), at 5.

[5] Fed. R. Civ. P. 26(b)(1).

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense,"[6] it "is to be evaluated solely by reference to the claims that remain at issue in this lawsuit."[7] So, as this Court has emphasized on several occasions, any discovery sought in this case must be relevant to either (1) the negligence claim against Awad or (2) the negligent entrustment claim against Shamrock.[8] And while relevance at the discovery stage is broad,[9] a "plaintiff's broad theory of the case does not necessarily justify broad discovery," and "courts should thwart fishing expeditions."[10] Whether requested material is "proportional to the needs of the case" requires the Court to balance a series of factors, including "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[11]

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that "upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense." Among other things,

---

[6] *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1183 (D.N.M. 2019) (internal quotation marks & citations omitted).

[7] *Sykes v. Bergerhouse*, 2021 WL 5912016, at *2 (W.D. Okla. Dec. 14, 2021).

[8] *See* Order (Dkt. 130), at 1; Order (Dkt. 101), at 2.

[9] *See Chrisman v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.,* 2020 WL 7033965, at *3 (W.D. Okla. Nov. 30, 2020) (noting that "relevance for purposes of discovery remains broader than relevance for purposes of trial admissibility").

[10] *Id.* at 3.

[11] Fed. R. Civ. P. 26(b)(1).

3

such an order may "forbid" the discovery sought,[12] "forbid[] inquiry into certain matters, or limit[] the scope of . . . discovery to certain matters."[13] "The party seeking to quash a deposition notice or seeking a protective order bears the burden to show good cause for it."[14] "The good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise."[15] Ultimately, "control of discovery," including whether to quash a deposition notice or grant a motion for protective order, "is entrusted to the sound discretion of the trial courts."[16]

Protective orders sought on the basis of relevance are common.[17] In such a context, the burden framework is slightly different than an ordinary protective order. As the party seeking to quash the deposition notices or seeking a protective order, Shamrock bears the burden to show good cause. But even in the context of a protective order, "[t]he burden of

---

[12] Fed. R. Civ. P. 26(c)(1)(A).

[13] Fed. R. Civ. P. 26(c)(1)(D).

[14] *EEOC v. Midwest Reg'l Med. Ctr., LLC*, 2014 WL 1745080, at *2 (W.D. Okla. Apr. 30, 2014). Similarly, "[w]hen requested discovery appears relevant, the party objecting to production has the burden of establishing the lack of relevance by demonstrating that the request falls outside the scope set forth in Rule 26(b)(1), or that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Shotts v. Geico Gen. Ins. Co.*, 2017 WL 4681797, at *1 (W.D. Okla. Oct. 17, 2017).

[15] *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation marks & internal citations omitted).

[16] *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).

[17] *See Chrisman*, 2020 WL 7033965, at *2–3.

demonstrating relevance is on the party seeking discovery"[18]—here, Plaintiffs. So, while Shamrock "must demonstrate good cause for a protective order," Plaintiffs "must demonstrate that the deposition[s] . . . are relevant."[19]

### *Discussion*

Determining whether Plaintiffs have carried their burden of relevance and whether Shamrock has carried its burden of good cause requires an individualized assessment of each deponent.

*1. Carrie Ryerson.*

First, Plaintiffs seek to depose Carrie Ryerson, Shamrock's current General Counsel. Attempts to depose counsel for an opposing party raise serious concerns,[20] and Courts must carefully scrutinize any such attempts. "[W]here, as here, a party seeks

---

[18] *Id.* at *2. That is, the party seeking discovery has the burden of demonstrating relevance when relevance "is not readily apparent." *Design Basics, LLC v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[19] *Chrisman*, 2020 WL 7033965, at *3.

[20] While Plaintiffs maintain that most of the communications they seek do not fall within one of the attorney-related privileges, the question in this circumstance "is not whether the plaintiffs [seek] privileged information." *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995). Rather, the question is whether it is necessary for the Court to protect the Defendant from the "unnecessary burden[s]" inherent in deposing their corporate counsel—burdens independent and unrelated to the precise boundaries of privilege. *Id.* And for good reason: "Rule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications." *Id.* at 829–30. For the same reason, Plaintiffs' arguments that this question is controlled by Oklahoma privilege doctrines similarly miss the mark. The question before the Court is whether a protective order is appropriate under the factors laid out in Rule 26(c) and *Boughton*, not whether particular pieces of information are privileged.

to depose an opposing party's attorney, courts have required the party seeking the deposition to make a specific showing of need to justify the deposition."[21] Specifically, the party seeking to take the deposition must demonstrate all three *Shelton* factors: (1) that no other means exist to obtain the information than to depose the opposing party's counsel; (2) that the information sought is relevant and nonprivileged; and (3) that the information is crucial to the preparation of the case.[22] A protective order is appropriate when the party seeking the deposition fails to prove at least one of the three factors.[23]

Plaintiffs have failed to satisfy at least one of the *Shelton* factors—that no other means exist to obtain the information—and, therefore, a protective order prohibiting the deposition of Ryerson is appropriate. Plaintiffs claim that it is necessary to depose Ryerson because she may have knowledge of the following topics: (1) Awad's severance from

---

[21] *Corsentino v. Hub Int'l Ins. Servs., Inc.*, 2018 WL 6597231, at *3 (D. Colo. Mar. 12, 2018).

[22] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001) (adopting the test set out in *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)). Although Plaintiffs never directly address the *Shelton* factors, they appear to argue that a heightened standard is not appropriate in this case because Ryerson is Shamrock's corporate counsel, not trial counsel. *See* Pls.' Resp. (Dkt. 200), at 21–23. Although some lower courts have suggested that *Shelton* may not apply in such circumstances, "the controlling Tenth Circuit law" makes clear that *Shelton* applies in this context. *See Graystone Funding Co., LLC v. Network Funding, LP*, 2020 WL 10352379, at *1–3 (D. Utah Nov. 9, 2020).

[23] *See Boughton,* 65 F.3d at 830 ("[O]rdinarily the trial court at least has the *discretion* under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition listed above are *not* met."). And for good reason. "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, *but it also adds to the already burdensome time and costs of litigation*," *Shelton*, 805 F. 2d at 1327 (emphasis added), the exact burdens that Rule 26(c) is designed to remedy.

Shamrock; (2) Shamrock's knowledge about Awad's driving history; and (3) Awad's negligence in the accident giving rise to this case. But Plaintiffs make no attempt to claim that Ryerson has any special knowledge of these circumstances or that they are unable to obtain this information from other sources. Nor could they. Plaintiffs have conducted over two years of discovery and tens of depositions, including depositions of Awad's supervisors, where they have elicited testimony on these topics. They have made no showing that these or other means are insufficient to obtain the information they seek.[24] Given the special considerations surrounding deposing an opponent's corporate counsel and Plaintiffs' failure to prove that no other means exist to obtain the information, the Court finds that a protective order prohibiting the deposition of Ryerson is appropriate.[25]

2. *Dale Aurigemma.*

Second, Plaintiffs seek to depose Dale Aurigemma, Shamrock's Director of Risk Management. Upon review, the Court finds that a protective order prohibiting the deposition of Aurigemma is not appropriate. Given his position within Shamrock, Plaintiffs have put forward sufficient evidence to suggest that Aurigemma likely has some personal knowledge relevant to the claims that remain in this case. Therefore, good cause does not

---

[24] *Cf. Graystone*, 2020 WL 10352379, at *3. It is highly unlikely that Plaintiffs could ever make such a showing in this case. As Shamrock points out, Ryerson was not employed by Shamrock until November 2017, long after any of the events relevant to this case took place. *See* Def.'s Reply (Dkt. 202), at 9–10. Any relevant knowledge Ryerson may have is almost certainly second-hand and (by definition) would be available through other means.

[25] Because the Court finds that Plaintiffs failed to prove that no other means exist to obtain the information, the Court need not address Plaintiffs' claims that the information sought is relevant and non-privileged. *See Graystone*, 2020 WL 10352379, at *3.

exist to prohibit the deposition. However, exercising its power to "forbid[] inquiry into certain matters, [and] limit[] the scope of . . . discovery to certain matters,"[26] the Court orders that the deposition of Aurigemma be limited to matters within his own personal knowledge and that Plaintiffs' counsel respect the appropriate boundaries related to work-product privilege and attorney-communications privilege. Further, the Court emphasizes that neither party should unduly delay this proceeding in scheduling and conducting this deposition.

3. *Gus Valle.*

Third, Plaintiffs seek to depose Gus Valle, the supervisor in Shamrock's foods division. Upon review, the Court finds that a protective order to prevent the deposition of Valle is appropriate. To begin, the relevance of Valle's testimony "is not readily apparent."[27] The parties agree that Valle was not a supervisor of Awad. Instead, at all relevant times, Valle was the supervisor of a separate division and had no direct supervisory responsibilities over Awad.

Plaintiffs attempts to "demonstrate [Valle's] relevance"[28] are unavailing. First, Plaintiffs argue that Valle was on the review committee that reviewed Awad's driving behavior, and as such, may have relevant testimony as to the negligent entrustment claim against Shamrock. But the very deposition testimony Plaintiffs cite for this proposition—

---

[26] Fed. R. Civ. P. 26(c)(1)(D).

[27] *Design Basics*, 271 F.R.D. at 523.

[28] *Chrisman*, 2020 WL 7033965, at *2.

the deposition of Rene Ludlow—rejects this proposition. Ludlow first testified that Valle is "*now*" on the review committee.[29] Then, when asked who was on the review committee for Awad's *past* accident (the accident Plaintiffs' claim is relevant to the negligent entrustment claim), Ludlow provided an extensive list of who was on the committee. But Ludlow did not name Valle.[30] In any event, Valle's own sworn declaration makes clear that he was not on the review committee, was not involved in the hiring, training or supervision of Awad, has no knowledge of the accident giving rise to this case, and has no knowledge of the relevant division's policies at the time of the accident.[31] Thus, Plaintiffs first attempt at demonstrating relevance fails.[32]

Plaintiffs' second theory of relevance fairs no better. Plaintiffs claim Valle may be able to "supply information about how Shamrock kept appraised of its . . . drivers' safety habits."[33] But as noted above, Valle's declaration makes clear that he does not have such knowledge. Even if he did, a protective order would still be appropriate because Valle's deposition on that topic would not be "proportional to the needs of the case."[34] Plaintiffs have already deposed Awad's direct supervisor and that supervisor's manager, and

---

[29] Ex. 8 (Dkt. 194), at 3 (emphasis added).

[30] *See id*. at 4–5.

[31] *See* Ex. 6 (Dkt. 194), at 1–2.

[32] As explained below, even if Valle was on the committee, a protective order would still be appropriate because the minor accident is not relevant to the negligent entrustment claim.

[33] Pls.' Resp. (Dkt. 200), at 16.

[34] Fed. R. Civ. P. 26(b)(1).

Plaintiffs have failed to show how Valle—who has sworn he has no knowledge of the relevant policies and played no role in the supervision of Awad—would have anything to add on this topic. Therefore, considering "all the relevant interests,"[35] any evidence Valle could add on this topic would be outweighed by the additional burden and expense of the deposition.[36] A protective order prohibiting the deposition of Valle is appropriate.

*4. Brian Koenes.*

Fourth, Plaintiffs seek to depose Brian Koenes, a transportation supervisor for Shamrock in Phoenix, Arizona. Upon review, the Court finds that a protective order to prevent the deposition of Koenes is appropriate. Plaintiffs present two theories as to why Koenes' testimony may be relevant. First, Plaintiffs speculate that Awad might have "been in contact with or under the supervision of Koenes[.]"[37] But they present no evidence to support this, and their own brief admits that this is mere speculation. Thus, it "is not readily apparent"[38] that Koenes' testimony would be in any way relevant. And to the extent that there is any ambiguity on this, Koenes' sworn declaration decisively resolves it: Koenes

---

[35] *Rohrbough*, 549 F.3d at 1321. The relevant interests include (but are not limited to) the number of depositions already taken by Plaintiffs, the more than two years of discovery in this case, Plaintiffs having already deposed Awad's own supervisors, Valle having no direct or indirect knowledge of any relevant issues, and the likelihood that any testimony would add very little or be duplicative.

[36] Fed. R. Civ. P. 26(c)(1); *cf. Smith v. Trujillo*, 2022 WL 593953, at 14–15 (D. Colo. Feb. 28, 2022).

[37] Pls.' Resp. (Dkt. 200), at 17.

[38] *Design Basics*, 271 F.R.D. at 523.

has no recollection of coming into contact with Awad and played no role in his supervision.[39]

Plaintiffs' second theory of relevance fairs no better. Plaintiffs point out that Koenes was a member of the committee that reviewed a February 2017 accident where Awad scraped a stationary object with his truck. This accident and the resulting review, Plaintiffs argue, is evidence that is relevant to their negligent entrustment claim against Shamrock. But Plaintiffs do not cite a single case for the proposition that this minor accident is evidence relevant to their negligent entrustment claim. And for good reason. As this Court has previously explained, evidence of one minor scrape of a stationary object is not "evidence that in any way indicates" negligent entrustment of a vehicle under Oklahoma law.[40] As such, any deposition of Koenes' would be highly unlikely to result in any relevant or non-duplicative evidence as to either of Plaintiffs' claims, and in any event, would be outweighed by the burden and expense of conducting yet another deposition in this case.

5. *Tracy McCall.*

Fifth, Plaintiffs seek to depose Tracy McCall, a former Shamrock employee who worked in a different division than Awad. Plaintiffs' sole claim as to McCall's relevance is that he was a member of the committee that reviewed Awad's February 2017 accident.

---

[39] Ex. 9 (Dkt. 194), at 1–2.

[40] *St. Clair v. Edwards*, 2021 WL 1131711, at *4 (W.D. Okla. Mar. 24, 2021). Even if the February 2017 incident was relevant, a protective order would still be appropriate. Plaintiffs have already deposed witnesses on this issue and any testimony provided by Koenes would likely be duplicative and disproportionate to the needs of the case.

But as explained above, evidence of this accident is not "evidence that in any way indicates" negligent entrustment of a vehicle under Oklahoma law.[41] Thus, for the same reasons explained above, a protective order to prevent the deposition of McCall is appropriate. A deposition of McCall would be unlikely to result in relevant or non-duplicative evidence, be disproportionate to the needs of this case, and result in unnecessary burden and expense.

6. *Janaya Harris.*

Finally, Plaintiffs seek to depose Janaya Harris, a Shamrock employee involved in monitoring driver safety logs. Upon review, the Court finds that a protective order prohibiting the deposition of Harris is not appropriate. As part of their negligent entrustment claim, Plaintiffs must prove that Shamrock knew or should have known that Awad was a reckless or careless driver.[42] At this stage, the evidence presented by the parties is sufficient to establish that Harris' testimony will likely be sufficiently relevant to this element of the negligent entrustment claim. Neither party disputes that Harris was involved in monitoring driver safety logs, did "writeups" of safety violations, and was involved in sending those writeups to company supervisors. Under certain circumstances, such activities could be relevant to determining whether Shamrock knew or should have known

---

[41] *Id.*

[42] *See Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003).

that Awad was a reckless driver,[43] and Shamrock has failed to show good cause as to why this deposition should not go forward.

However, exercising its power to "forbid[] inquiry into certain matters, [and] limit[] the scope of . . . discovery to certain matters," [44] the Court orders that the deposition of Harris be limited to matters within Harris' own personal knowledge as to whether Shamrock knew or should have known that Awad was a reckless or careless driver. Further, the Court emphasizes that neither party should unduly delay this proceeding in scheduling and conducting this deposition.

## *Conclusion*

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Shamrock Foods Company's Motion to Quash or for Protective Order Regarding Depositions Noticed by Plaintiffs (Dkt. 194) is **GRANTED IN PART** and **DENIED IN PART.**

2. The motion for a protective order prohibiting the deposition of Carrie Ryerson is **GRANTED.**

3. The motion for a protective order prohibiting the deposition of Dale Aurigemma is **DENIED.** However, the Court **ORDERS** that the deposition of Aurigemma be limited to matters within his own personal knowledge and that Plaintiffs' counsel respect the appropriate boundaries related to work-product privilege and attorney-communications privilege.

4. The motion for a protective order prohibiting the deposition of Gus Valle is **GRANTED.**

---

[43] *Cf. McGinley v. Am. Dump Trucks, Inc.*, 2021 WL 4517687, at *5 (W.D. Okla. Sept. 30, 2021).

[44] Fed. R. Civ. P. 26(c)(1)(D).

5. The motion for a protective order prohibiting the deposition of Brian Koenes is **GRANTED.**

6. The motion for a protective order prohibiting the deposition of Tracy McCall is **GRANTED.**

7. The motion for a protective order prohibiting the deposition of Janaya Harris is **DENIED.** However, the Court **ORDERS** that the deposition of Harris be limited to matters within Harris' own personal knowledge.

**IT IS SO ORDERED** this 11th day of August 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE